1  **WO**
2
3
4
5
6 **IN THE UNITED STATES DISTRICT COURT**
7 **FOR THE DISTRICT OF ARIZONA**
8

| Marco Crane & Rigging Company, | No. CV-17-01836-PHX-GMS |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Greenfield Productions LLC, et al., | |
| Defendants. | |

Pending before the Court are (1) Plaintiff Marco Crane & Rigging Co.'s ("Plaintiff") Motion for Partial Summary Judgment (Doc. 94); (2) Defendants' Greenfield Products LLC ("Defendant Greenfield") and Mi-Jack Products, Inc. ("Defendant Mi-Jack") Motion for Partial Summary Judgment (Doc. 95); and (3) Plaintiff's Motion for Sanctions (Doc. 98). For the following reasons, the Court denies both Plaintiff's and Defendants' Motion for Partial Summary Judgment, and grants Plaintiff's Motion for Sanctions.[1]

## BACKGROUND

Plaintiff provides rigging services to customers throughout Arizona and Southern California. Defendant Greenfield manufactures, distributes, and sells boom dollies and

---

[1] The request for oral argument is denied because the parties have had an adequate opportunity to discuss the law and evidence and oral argument will not aid the Court's decision. *See Lake at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

other related products. This action arises out of a crane accident that occurred while the Plaintiff's crane was attached to a boom dolly manufactured and sold to Plaintiff by Defendant Greenfield.

Plaintiff purchased a boom dolly from Defendant Greenfield in October 2014 for use with a specific crane. Upon receipt of the boom dolly, Plaintiff was unable to put the product to its intended use. Plaintiff claims the boom dolly had "improper tower lug placement and tracking issues, which prevented [Plaintiff] from using the" boom dolly with the intended crane. (Doc. 93 at 3.) Plaintiff asserts that the alleged defects rendered the boom dolly unstable and unsafe to operate on roadways.

Plaintiff notified Defendant Greenfield of the lug placement issue in January 2015. An employee of Defendant Mi-Jack[2] provided Plaintiff with instructions to resolve the issue. Plaintiff was able to modify the boom dolly in accordance with the instructions to resolve the improper lug placement. Plaintiff, however, further asserts that the boom dolly continued to experience tracking issues even after the lug placement was resolved. The tracking issues caused the boom dolly to "sway considerably during transport, at normal highway speed limits." (Doc. 93 at 5.)

Plaintiff reported the tracking issues to Defendant Greenfield in April 2015. Defendant Greenfield modified the boom dolly. After Defendant Greenfield's modifications, Plaintiff began using the boom dolly in its operations until the boom dolly was involved in an accident in December 2016. Plaintiff claims the accident was a result of the defectively designed boom dolly.

Plaintiff brought this action in June 2017 alleging Strict Products Liability, Negligence, and Breach of Warranties. Plaintiff now moves for Partial Summary Judgment on its claim for Strict Liability with respect to the pre-accident repair costs it incurred. Defendant concurrently moves for Partial Summary Judgment on Plaintiff's alleged damages for post-accident repairs and cleanup. Lastly, Plaintiff moves for

---

[2] Mi-Jack Products, Inc. is an affiliate of Greenfield Products LLC.

sanctions to be awarded for Defendants' failure to participate in good faith in a court ordered settlement conference.

# DISCUSSION

## I. Motions for Partial Summary Judgment

The purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Parties opposing summary judgment are required to "cit[e] to particular parts of materials in the record" establishing a genuine dispute or "show[ ] that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1). "[T]here is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable or if not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249–50 (internal citations omitted).

### a. Plaintiff's Motion for Partial Summary Judgment

Plaintiff moves for a very limited partial summary judgment as to its strict liability claim. In bringing this action, Plaintiff pled that Defendant should be held strictly liable for the damage that resulted when the boom dolly malfunctioned and caused Plaintiff's crane to turn over. Plaintiff, however, concedes in its motion that the cause of the accident

is a disputed issue of material fact. Thus, Plaintiff moves for summary judgment on its strict products liability claim only with respect to unspecified costs it incurred repairing and modifying the boom dolly prior to the accident. Defendants assert that the economic loss rule precludes Plaintiff's motion.[3]

The Arizona Supreme Court most recently explained the economic loss rule in *Flagstaff Affordable Hous. Ltd. P'ship v. Design Alliance, Inc.*,

> Where economic loss,[4] in the form of repair costs, diminished value, or lost profits, is the plaintiff's only loss, the policies of the law generally will be best served by leaving the parties to their commercial remedies. Where economic loss is accompanied by physical damage to person or other property, however, the parties' interests generally will be realized best by the imposition of strict tort liability. If the only loss is non-accidental and to the product itself, or is of a consequential nature, the remedies available under the UCC will govern and strict liability and other tort theories will be unavailable.

223 Ariz. at 323–34, 223 P.3d at 667–68 (quoting *Salt River Project Agr. Imp. & Power Dist. v. Westinghouse Elec. Corp.*, 143 Ariz. 368, 379–80, 694 P.2d 198, 209–10 (1984)).

The economic loss rule only has a preclusive effect when the Plaintiff seeks to recover purely economic damages under a tort theory. *See Rocky Mountain Fire & Cas. Co. v. Biddulph Oldsmobile*, 131 Ariz. 289, 293, 640 P.2d 851, 855 (explaining that the prohibition against recovery for purely commercial losses under a strict liability theory

---

[3] Plaintiff asserts that Defendants' request for application of the economic loss rule should be summarily dismissed because it was improperly raised in a response motion, rather than presented in a formal pre-trial motion. The Court is not persuaded by Plaintiff's argument. Part of the standard for summary judgment requires the moving party to show it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (a). In Arizona, the economic loss rule is part of the law relevant to Plaintiff's motion.

[4] Economic loss "refers to pecuniary or commercial damage, including any decreased value or repair costs for a product or property that is itself the subject of a contract between the plaintiff and defendant, and consequential damages such as lost profits." *Flagstaff Affordable Hous. Ltd. P'ship v. Design Alliance, Inc.,* 223 Ariz. 320, 323, 223 P.3d 664, 667 (2010).

"is limited to cases where the plaintiff is claiming commercial losses only"). In the instant case, Plaintiff seeks to recover non-economic damages for its strict products liability claim. (Doc 1-1 at 8, 9). Thus, the economic loss rule does not preclude Plaintiff's claim. Nonetheless, Plaintiff's attempt to obtain a judgment on its strict liability claim with respect to a purely economic subset of Plaintiff's overall alleged damages is not appropriate.

In its present motion, Plaintiff asks this Court to hold Defendant strictly liable for "monetary damages arising from labor hours and loss of use" of the boom dolly during the period of repairs after the boom dolly was first purchased without accounting for the fact that there are also claimed losses in this case that resulted from an accident. Thus, the only claimed losses in this case are not non-accidental. (Doc. 94 at 7.) As a result, through its motion for partial summary judgment, Plaintiff attempts to recover a contract measure of damages through a strict liability theory contrary to the mandate of Arizona law. *See Flagstaff Affordable Hous. Ltd. P'ship v. Design Alliance, Inc.*, 223 Ariz. 320, 323, 223 P.3d 664, 667 (2010) ("[W]hen a defect renders a product substandard or unable to perform the functions for which it was manufactured, the purchaser's remedy for disappointed commercial expectations is through contract law."). Granting the summary judgment could thus lead to inconsistencies. For example, if the Court were to grant Plaintiff's motion and hold Defendant liable for the requested economic loss, and a jury later finds that the accident was not caused by the alleged defects and Defendant is not liable for Plaintiffs non-economic damages, then the recovery granted by the present order would improperly evade the economic loss rule. *See Flagstaff Affordable Hous.*, 223 Ariz. at 323–24; 223 P.3d at 667–68 (explaining that the economic loss rule provides that pure economic loss is recoverable under strict liability *only* when the factors of the economic loss rule–(1) whether the nature of the defect was unreasonably dangerous, and (2) whether the loss occurred in a sudden, accidental manner—preponderate). Thus, Plaintiff is not entitled to the requested judgment and its motion is denied.

### b. Defendant's Motion for Partial Summary Judgment

Plaintiff claims damages as a result of the accident, which include costs to repair the crane and costs to cleanup the scene of the accident. Defendants claim that "[a]t the time of the accident, Marco Crane was one of six operating companies under the parent company, M Holding." (Doc. 95 at 2.) Mardian Equipment, a fellow company under the M Holding umbrella and a non-party to this action, was the entity responsible for repairing the crane and the post-accident cleanup. Defendants assert that because these costs were not incurred by Plaintiff, Defendants are entitled to summary judgment on the issue of these alleged damages.

With respect to the clean up costs, Defendants assert that Mardian Equipment subcontracted Marco Crane employees and rented Marco Crane equipment for the purpose of cleaning up the accident site. Defendants further claim that Mardian Equipment paid Marco Crane for the use of its employees and equipment, rendering Marco Crane financially whole for the costs associated with the post-accident cleanup. Plaintiff denies Defendants' assertion that Marco Crane is financially whole. Plaintiff points to Mardian Equipment's Chief Financial Officer's deposition and affidavit, which provide that Mardian Equipment has not reimbursed Marco Crane for the use of its employees or equipment. Based on the evidence provided by Plaintiff, a reasonable juror could return a verdict in its favor. Because there is a genuine issue of material fact, Defendants' motion with respect to this issue is denied.

With respect to the costs incurred to repair the crane, Defendants assert that Mardian Equipment, not Marco Crane, performed the repairs and incurred the associated costs. It is undisputed, however, that Mardian Equipment demands payment from Marco Crane for the services it provided. Defendants argue that the payments owed by Marco Crane to Mardian Equipment do not constitute damages for Marco Crane. Defendants, however, fail to cite any authority to support their contention that a debt owed does not constitute damages. Consequently, Defendants have failed to show they are entitled to judgment as a matter of law on this issue—an essential element of the summary judgment

standard. Fed. R. Civ. P. 56(a). Because Defendants have not met the burden for summary judgment, their motion is denied.

## II. Plaintiff's Motion for Sanctions

Plaintiff requests that the Court award sanctions against Defendants for failing to participate in good faith in the court-ordered settlement conference. Plaintiff specifically requests sanctions in the amount of the attorneys' fees, costs, mediation costs, and travel costs it incurred to attend the settlement conference.

District courts have "broad authority to compel participation in mandatory settlement conference[s]." *United States v. U.S. Dist. Ct. Northern Mariana Islands*, 694 F.3d 1051, 1057 (9th Cir. 2012). If a party or its attorney "is substantially unprepared to participate—or does not participate in good faith—in the conference," the district court may, on motion or on its own, issue "any just orders." Fed. R. Civ. P. 16(f). Additionally, "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorneys fees—incurred because of any noncompliance with this rule." Fed. R. Civ. P. 16(f)(2). Because "part of the purpose of the sanctioning power is . . . to control litigation and preserve the integrity of the judicial process," "[s]anctions are not only appropriate when the disobedience is intentional but may also be imposed when the disobedience is unintentional." *Pitman v. Brinker Intern., Inc.*, 216 F.R.D. 481, 484 (D. Ariz. 2003).

Moreover, "the purpose of a settlement conference is to facilitate a settlement or to narrow the disparity between the parties." *Id.* For settlement to be possible, both parties must arrive at the settlement conference "with an open mind and a genuine willingness to meaningfully discuss the strengths and weaknesses of each party's case." *Id.* Sanctions are appropriate under Rule 16(f) when the parties fail to insure an individual with settlement authority attends the settlement conference. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595 (8th Cir. 2001) (upholding a district order of sanctions in the amount equal to the moving party's attorney's fees incurred preparing for and attending the court ordered settlement conference, where the individual with settlement authority for the non-

moving party was only available by phone, and was not present at the court ordered settlement conference due to the direction of the non-moving party's counsel); *Pitman v. Brinker Intern., Inc.*, 216 F.R.D. 481, 485 (D. Ariz. 2003) (awarding sanctions in the amount of the moving party's related attorneys fees, and finding that the defendant did not participate in the settlement conference in good faith, in part, because the defendant knowingly brought a representative with limited settlement authority to the conference and ordered the appropriate representative to stand by telephonically despite the court order mandating that a representative with full and complete settlement authority be present).

The Court ordered the parties in the instant case to complete a private mediation. (Doc. 51 at 1.) The mediator agreed to by the parties required both parties to "have in attendance a person with authority to settle the case." (Doc. 98-1.) Plaintiff asserts that Defendants did not participate in the mediation in good faith in violation of Rule 16. First, Plaintiff claims that Defendants informed their insurance carrier not to appear for the conference because Defendants did not intend to make an offer above their self-insured retention policy ("SIR") of $250,000. Defendants knew prior to the conference that Plaintiff's claimed damages exceed $1,000,000. Second, Plaintiffs claim that Defendants "refused to even listen to [Plaintiff's] presentation regarding the evidence." (Doc. 98 at 3.)

In its response, Defendants explain that their insurance representative with settlement authority was available by phone. However, as established in *Morgan's Foods, Inc.* and *Pitman*, telephonic availability is not sufficient to warrant good faith participation in the settlement conference—nor does it constitute attendance at a settlement conference. With respect to Plaintiff's second claim, Defendants assert that "it is extremely uncommon in this jurisdiction for the parties to make presentations to the opposing party at a private mediation." (Doc. 103 at 2.) Whether or not that is true, Defendants do not contest that the presentations constituted part of this mediation which they were ordered to complete. Defendants make no assertion that they in fact listened to

Plaintiff's presentation. That they did not do so demonstrates that they did not participate in the mediation in good faith. These and the other facts listed above lead the Court to conclude that Defendants did not participate in the settlement conference in good faith. To the contrary, Defendants wasted the time, financial resources, and energy of the Court and Plaintiff sufficient to warrant sanctions under Rule 16(f). Plaintiffs shall be granted an award upon compliance with the requirements of LRCiv. 54.2 that demonstrate the time and expenses they incurred in preparing for and participating in the settlement conference.

## CONCLUSION

Plaintiff did not produce evidence to substantiate an essential element of its claim for strict products liability. Thus, its motion for partial summary judgment is denied. Defendant similarly failed to meet the standard for summary judgment with respect to Plaintiff's alleged damages. Its motion for partial summary judgment is also denied. Plaintiffs, however, did make a sufficient showing to justify an award of sanctions against defendants pursuant to Rule 16.

**IT IS THEREFORE ORDERED** that the Motion for Partial Summary Judgment of Plaintiff Marco Crane & Rigging Co. (Doc. 93.) is **DENIED.**

**IT IS FURTHER ORDERED** that the Motion for Partial Summary Judgment of Defendants Greenfield Products LLC and Mi-Jack Products, Inc. (Doc. 95.) is **DENIED.**

**IT IS FURTHER ORDERED** that the Motion for Sanctions of Plaintiff Marco Crane & Rigging Co. (Doc. 98.) is **GRANTED**; Plaintiff must submit documentation in compliance with LRCiv 54.2 for the Court to determine the amount of the sanctions award within **30 days** of the date of this order.

Dated this 9th day of October, 2019.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge