**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marco Crane & Rigging Company, | No. CV-17-01836-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Greenfield Productions LLC, et al., | |
| Defendants. | |

Defendants Greenfield Products, LLC and Mi-Jack Products, Inc. ("Defendants") move for reconsideration of this Court's October 9, 2019 Order (Doc. 109) granting Plaintiff's motion for sanctions. (Doc. 110.)[1] Defendants' motion is denied.

Also pending before the Court is Plaintiff's Application for Attorneys' Fees and Costs in compliance with the Court's October 9, 2019 Order. (Doc. 114.) The application was requested to provide a basis for Plaintiff's sanction award. For reasons discussed below, Defendants' counsel are sanctioned in the amount of $9,029.45.

**DISCUSSION**

**I.    Motion for Reconsideration**

A motion for reconsideration may be granted if the moving party can show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or

---

[1] The Court held oral argument on this matter on December 10, 2019.

(6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b). Rule 60(b) motions should be granted only in rare circumstances. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through–rightly or wrongly.'" *Id.* (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)). A mere disagreement with a previous order is an insufficient basis for reconsideration. *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

In its Order, the Court found that existing caselaw supports Plaintiff's assertion that Defendants' failure to have a representative with full settlement authority present at the court ordered mediation, coupled with Defendants refusal to listen to Plaintiff's presentation, constituted grounds for sanctions under Fed. R. Civ. P. 16(f)(1)(B). Because the cases relied on by the Court[2] were not cited in Plaintiff's briefing, Defendants assert that they were deprived of an opportunity to distinguish their conduct.

The Court held oral argument on this matter on December 10, 2019. Having heard the parties' arguments, the Court finds no basis to reconsider its order. The Court ordered private mediation at the mediator's request. The mediator required that the parties have representatives actually present with sufficient authority to settle the case. Defendants did not comply with this request. The representative in attendance only had the authority to offer the self-insured retention to settle the case. Further the Defendants declined to hear the Plaintiff's position personally after being requested by the mediator to do so.

**II.     Plaintiff's Fee Application**

In its October 9, 2019 Order, the Court granted Plaintiff's motion for sanctions in the amount of reasonable attorneys' fees and costs incurred to prepare for and participate in the court ordered mediation. Plaintiff's corresponding fee application requests an award of $12,354.45. Defendants "do not take issue with the reasonableness of the hourly rates

---

[2] *Nick v. Morgan's Foods Inc.*, 270 F.3d 590 (8th Cir. 2001); *Pitman v. Brinker Intern., Inc.*, 216 F.R.D. 481 (D. Ariz. 2003)

charged by Plaintiff's counsel."[3] (Doc. 118 at 2.) The only dispute with respect to Plaintiff's requested award is the inclusion of Plaintiff's air travel time—13.3 hours billed at $250 per hour ($3,325.00).

Air travel time is generally not compensable pursuant to LRCiv 54.2(e)(2)(D).[4] Plaintiff argues that fee awards made under A.R.S. § 12-341.01(A) are not subject to the air travel time restriction in LRCiv 54.2. The Court, however, is awarding sanctions pursuant to Fed. R. Civ. P. 16(f), not fees under A.R.S. § 12-341.01(A). Thus, the local rule excluding air travel time is applicable. After deducting the fees associated with air travel time, Plaintiff's fees and costs reasonably incurred in relation to the court ordered mediation total $9,029.45. Plaintiff is awarded sanctions in the amount of $9,029.45.

## CONCLUSION

**IT IS ORDERED** that Defendant's Motion for Reconsideration (Doc. 110) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Attorneys' Fees and Costs (Doc. 114) is granted in part and denied in part. Plaintiff is awarded its reasonable attorneys' fees and costs incurred in preparing for and participating in the court ordered mediation in the amount of $9,029.45.

Dated this 17th day of December, 2019.

*G. Murray Snow*
G. Murray Snow
Chief United States District Judge

---

[3] Plaintiff's claimed attorneys' fees include 24.4 hours by the lead counsel billed at the hourly rate of $250.00, and 8.1 hours by a second counsel of record billed at the hourly rate of $220.00.

[4] The local rules effective December 1, 2019 have eliminated this provision. However, at the time Defendants response was filed, November 20, 2019, the local rules did provide that "[o]rdinarilly air travel time should not be charged." LRCiv 54.2(e)(2)(D).

- 3 -