WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marco Crane & Rigging Company, | No. CV-17-01836-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Greenfield Products, LLC, | |
| Defendant. | |

Pending before the Court are Plaintiff Marco Crane & Rigging Company's ("Plaintiff") Motion to Strike Defendant Greenfield Products, LLC Answer to Amended Complaint and Motion for Entry of Default (Doc. 186), Motion for Pre-Judgment Interest and Costs (Doc. 213), and Motion for Judgment as a Matter of Law on the Comparative Fault Defense (Doc. 217). For the following reasons, Plaintiff's Motion to Strike is denied as moot, Motion for Judgment as a Matter of Law on the Comparative Fault Defense is denied, and Motion for Pre-Judgment Interest and Costs is granted in part and denied in part.[1]

---

[1] Plaintiff requested oral argument. That request is denied because the parties have had an adequate opportunity to discuss the law and evidence and oral argument will not aid the Court's decision. *See Lake at Las Vegas Invs. Grp., Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

**BACKGROUND**

From October 19–23, 2020, this Court held a jury trial on Plaintiff's product liability and breach of implied warranty claims against Defendant Greenfield Products, LLC ("Defendant"). Although Plaintiff had originally brought its claims against SAF-Holland Incorporated ("SAF") and Mi-Jack Products Incorporated ("Mi-Jack") as well, SAF was dismissed on April 12, 2018 and Mi-Jack was dismissed on October 19, 2020. Following Mi-Jack's dismissal on the first day of trial, Defendant filed its answer to Plaintiff's Amended Complaint on October 20. That same day, Plaintiff filed its motion to strike Defendant's answer and for entry of default. Specifically, Plaintiff took issue with allowing the jury to apportion fault. After discussing Plaintiff's motion with the parties, the Court decided to proceed with the trial without striking Defendant's answer or Defendant's affirmative defenses.[2]

On October 23, the jury found in favor of Plaintiff on both claims. On the product liability claim, the jury found that Plaintiff sustained $603,623.67 in damages but that Plaintiff's fault contributed to its damages. The jury found Plaintiff 43% at fault and Defendant 57% at fault. On the breach of implied warranty claim, the jury awarded Plaintiff $131,459.71 in damages.

This Court subsequently instructed the parties that any claim for interest would be due by October 30, 2020 and any post-trial motions by November 13, 2020. (Doc. 200.) In accordance with this Court's order, Plaintiff filed its motion for pre-judgment interest on October 30 and its motion for judgment as a matter of law on November 12.

**DISCUSSION**

**I.   Motion for Judgment as a Matter of Law on Comparative Fault**

A court may grant a motion for judgment as a matter of law if it "finds that a reasonable jury would not have a legally sufficient evidentiary basis" to find for the nonmoving party. Fed. R. Civ. P. 50(a), (b). As a Rule 50(b) motion is a renewed motion,

---

[2] As the trial moved forward and the Court allowed the jury to apportion fault, Plaintiff's Motion to Strike is moot.

a proper Rule 50(b) motion is limited to the grounds asserted in the movant's pre-deliberation Rule 50(a) motion. *E.E.O.C. v. GoDaddy Software, Inc.*, 581 F.3d 951, 961-62 (9th Cir. 2009) (citing *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003)). Accordingly, a movant cannot properly "raise arguments in its post-trial motion for judgment as a matter of law under Rule 50(b) that it did not raise in its pre-verdict Rule 50(a) motion." *Freund*, 347 F.3d at 761. However, Rule 50(b) "may be satisfied by an ambiguous or inartfully made motion for a directed verdict or by an objection to an instruction for insufficient evidence to submit an issue to the jury." *Reeves v. Teuscher*, 881 F.2d 1495, 1498 (9th Cir. 1989).

On the third day of trial, Plaintiff orally moved for judgment as a matter of law on its breach of implied warranty claim, which the Court took under advisement. (Doc. 193.) That motion is now moot in light of the jury's verdict. Plaintiff did not address comparative negligence when making this motion, but Plaintiff did object to the Court giving a comparative negligence jury instruction on the grounds that it was impermissible under Arizona law. Accordingly, Plaintiff's Rule 50(b) motion is properly brought.

The Court finds that the jury instruction was properly given. Arizona adopted a comparative fault system in A.R.S. § 12–2506. In actions for personal injury, property damage, or wrongful death, a defendant is liable "only for the amount of damages allocated to that defendant in direct proportion to that defendant's percentage of fault." § 12-2506(A). Fault is broadly defined as "an actionable breach of legal duty, act or omission . . . including negligence in all of its degrees, contributory negligence, assumption of risk, strict liability, breach of express or implied warranty of a product, products liability and misuse, modification or abuse of a product." § 12–2506(F)(2). Based on a plain reading of the statute, strict liability is subject to comparative negligence. *Jimenez v. Sears, Roebuck & Co.*, 183 Ariz. 399, 904 P.2d 861 (1995) does not compel a different reading of the statute. In *Jimenez,* the Arizona Supreme Court held that comparative fault includes product misuse in a strict liability case. 183 Ariz. at 408, 904 P.2d at 870. In its opinion, the court also discussed how contributory negligence is not a defense in a strict product

liability action; however, the court used a narrow definition of contributory negligence. The court defined contributory negligence as "[f]ailure to discover a defect in the product which the plaintiff should, if he was reasonably diligent, have discovered." *Jimenez*, 183 Ariz. at 402, 904 P.2d at 864 (citing *O.S. Stapley Co. v. Miller*, 103 Ariz. 556, 561, 447 P.2d 248, 253 (1968)). The court did not hold that negligent use of a product, as alleged here, cannot be a defense, and it further held that product misuse in a product liability case was not an all or nothing defense. *Id.* at 408, 904 P.2d at 870; *see also Bernal v. Daewoo Motor Am., Inc.*, No. CV09-1502 PHX-DGC, 2011 WL 13183093, at *9–12 (D. Ariz. Aug. 31, 2011).

The Court also finds that Defendant presented sufficient evidence for a reasonable jury to find Plaintiff negligent. At trial, Defendant presented evidence that Plaintiff's employee, Chad Wall, was driving at an unreasonable speed at the time of the accident. Accordingly, Plaintiff's motion for judgment as a matter of law on the comparative fault defense is denied.

## II. Motion for Pre-Judgment Interest and Costs

Federal courts in diversity cases apply state law in assessing pre-judgment interest. *Am. Tel. & Tel. Co. v. United Comput. Sys., Inc.*, 98 F.3d 1206, 1209 (9th Cir. 1996). Under Arizona law, "prejudgment interest on a liquidated claim is a matter of right." *AMHS Ins. Co. v. Mut. Ins. Co. of Ariz.*, 258 F.3d 1090, 1103 (9th Cir. 2001) (quoting *Gemstar Ltd. v. Ernst & Young*, 185 Ariz. 493, 508, 917 P.2d 222, 237 (1996)). "[I]f one accepts the evidence and can calculate exactly the amount of damages without relying on the opinion or discretion of a judge or jury, the claim is liquidated." *Scottsdale Ins. Co. v. Cendejas*, 220 Ariz. 281, 288, 205 P.3d 1128, 1135 (Ct. App. 2009) (citing *Canal Ins. Co. v. Pizer*, 183 Ariz. 162, 164, 901 P.2d 1192, 1194 (Ct. App. 1995)).

Plaintiff bases its prejudgment interest calculation on the total amount of damages that the jury awarded. However, not all of Plaintiff's damages are liquidated. For its product liability claim, Plaintiff claimed $89,677.31 in clean-up costs, $453,226.38 in repair costs, and $323,935.06 in lost revenue from the crane and dolly being down for

repairs. (Doc. 215–1.) Plaintiff's lost revenue damages are unliquidated because the damages are based on conservative estimation and averaging, not a precise calculation. As the jury found that Plaintiff only sustained $603,523.67 in damages for its product liability claim, less than the amount of damages Plaintiff claimed, and it is not clear from the verdict form how the jury arrived at its determination, it is not possible for the Court to determine what portion of the jury's award is based on liquidated damages and what is based on unliquidated damages. Accordingly, Plaintiff cannot recover prejudgment interest on its product liability claim.

Plaintiff can recover prejudgment interest on a portion of its breach of implied warranty claim. For its breach of implied warranty claim, Plaintiff claimed $23,481.36 in damages for testing and modifying the dolly and $107,978.35 for lost revenue from not being able to utilize the crane. *Id.* As explained above, Plaintiff's lost revenue damages are unliquidated. Unlike with the product liability claim, however, it is possible to determine the portion of the jury's award that is based on liquidated damages because the jury awarded $131,459.71, the full amount Plaintiff claimed. Plaintiff's damages for testing and modifying the dolly are capable of straightforward calculation and Defendant does not specifically challenge that these damages are unliquidated. Accordingly, Plaintiff can recover prejudgment interest on $23,481.36.

Courts begin calculating prejudgment interest on the "date of demand of a sum certain." *Scottsdale Ins. Co.*, 220 Ariz. at 289, 205 P.3d at 1136. The amount of the claim on the date of demand must be "capable of exact calculation," *id.*, and the claimant must provide "sufficient information and supporting data so as to enable the debtor to ascertain the amount owed," *Homes & Son Const. Co., Inc. v. Bolo Corp.*, 22 Ariz. App. 303, 306, 526 P.2d 1258, 1261 (1974). "The district court has discretion to determine the date of commencement of prejudgment interest." *AMHS Ins. Co.*, 258 F.3d at 1103.

The Court finds that the date of demand is March 4, 2019. This is the date that Plaintiff disclosed to Defendant that it would be seeking $23,481.36 for the cost of testing and modifying the dolly, which is the amount Plaintiff claimed at trial. (Doc. 215–3 at 7.)

The same disclosure also referenced documents relating to the modifications. *Id.* at 6. Prior to this date, Plaintiff had only disclosed that it was seeking an estimated $2,004.89 for the cost of testing and modifying the dolly. (Doc. 213, Exhibit A at 6.)

Finally, the prejudgment interest rate "shall be at the rate" set in either A.R.S. § 44-1201(A) or (B). A.R.S. § 44–1201(F). The "[i]nterest on any loan, indebtedness or other obligation shall be at the rate of ten per cent per annum" and the "interest on any judgment shall be at the lesser of ten per cent per annum or at a rate per annum that is equal to one per cent plus the prime rate." A.R.S. § 44–1201(a), (b). In *Metzler v. BCI Coca-Cola Bottling Co. of L.A., Inc.*, the Arizona Supreme Court held that prejudgment interest is awarded at 10%, under subsection (a), on a loan, "money lent at interest," indebtedness, "something (as an amount of money) that is owed," or other obligation, "things of the same nature or class as 'loan' and 'indebtedness.'" 235 Ariz. 141, 145–46, 329 P.3d 1043, 1047–48 (2014). The prejudgment interest rate in subsection (b) is used when the amount "depends on a judgment for its existence." *Id.* at 146, 329 P.3d at 1048. Subsection (b), however, is not triggered every time a judgment is entered; for example, "a person who successfully obtains a judgment to collect an 'indebtedness' is entitled to the 10% interest rate even though litigation and a judgment was necessary to collect the debt." *Ariz. State Univ. Bd. of Regents v. Ariz. State Ret. Sys.*, 242 Ariz. 387, 389–90, 396 P.3d 623, 625–26 (Ct. App. 2017). "[C]ourts must look to the fundamental nature of the underlying obligation to determine which subsection applies." *Id.* at 390, 396 P.3d at 626.

The question here is whether the cost of testing and modifying the dolly, damages claimed under Plaintiff's breach of implied warranty claim, falls under subsection (a) or (b). Plaintiff incurred this cost because of Defendant's breach of contract. Therefore, this cost is akin to a debt because Defendant is obligated to pay this cost pursuant to the contract. Accordingly, the 10% interest rate under A.R.S. § 44–1201(A) applies to the $23,481.36 amount.[3]

---

[3] Plaintiff also requested an award of costs. (Doc. 213 at 4.) Under Local Rule of Civil Procedure 54.1, a party entitled to costs shall "within fourteen (14) days after the entry of final judgment . . . file . . . a bill of costs on a form provided by the Clerk." As Plaintiff's

# CONCLUSION

For the reasons provided above, Plaintiff's Motion to Strike is denied as moot and Plaintiff's Motion for Judgment as a Matter of Law on Comparative Fault is denied. Plaintiff is entitled to prejudgment interest on $23,481.36 at the rate of 10% per annum from March 4, 2019 to the date of judgment. Additionally, in accordance with the jury's determination, judgment is granted in favor of Plaintiff in the amount of $475,468.202.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Strike Defendant Greenfield Products, LLC, Answer to Amended Complaint and Motion for Entry of Default (Doc. 186) is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Judgment as a Matter of Law on the Comparative Fault Defense and for Entry of Judgment Awarding Full Amount of Plaintiff's Damages as Determined by the Jury (Doc. 217) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Pre-Judgment Interest and Costs (Doc. 213) is **GRANTED** in part and **DENIED** in part as follows:

1. Plaintiff is entitled to prejudgment interest on $23,481.36 at the rate of 10% per annum from March 4, 2019 to the date of judgment.
2. The remainder of Plaintiff's motion is denied.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment in favor of Plaintiff and against Defendant in the amount of $475,468.202, along with prejudgment interest on $23,481.36 at the rate of 10% per annum from March 4, 2019 to the date of judgment.

Dated this 29th day of December, 2020.

_____
G. Murray Snow
Chief United States District Judge

---

request is premature, Plaintiff's request is denied at this time. Following the entry of final judgment, Plaintiff may re-file a bill of costs, pursuant to Rule 54.1's procedures.