**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marco Crane & Rigging Company, | No. CV-17-01836-PHX-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Greenfield Products, LLC, | |
| Defendant. | |

Pending before the Court is Defendant Greenfield Products, LLC's ("Defendant") Motion for a New Trial. (Doc. 233.) For the following reasons, the Motion is denied.

**BACKGROUND**

From October 19–23, 2020, this Court held a jury trial on Plaintiff Marco Crane & Rigging Company's ("Plaintiff") product liability and breach of implied warranty claims against Defendant. The jury found in favor of Plaintiff on both claims. On the product liability claim, the jury found Plaintiff 43% at fault and Defendant 57% at fault.

Prior to trial, Defendant filed several motions in limine, including a motion to exclude evidence of other incidents, (Doc. 137), and a motion to exclude evidence of subsequent remedial measures, (Doc. 140). In an Order setting trial, the Court denied both motions without prejudice. (Doc. 158.)

In response to Plaintiff's memorandum on evidentiary matters that Plaintiff wished to bring up during opening argument, Defendant renewed its request that the Court

preclude evidence of other incidents and subsequent remedial measures. (Doc. 168.) The Court ordered that Plaintiff could "reference subsequent accidents with Defendant['s] product and corresponding remedial measures during opening argument to the extent it ha[d] admissible evidence of such accidents and remedial measures." (Doc. 171 at 1.)

Defendant now moves for a new trial, asserting that the Court's admission of Plaintiff's evidence concerning other incidents and subsequent remedial measures was improper. (Doc. 233.)

## DISCUSSION

### I.  Legal Standard

Under Federal Rule of Civil Procedure 59, a court may grant a new trial to any party "for any reason for which a new trial has heretofore been granted in an action at law in federal court." As "Rule 59 does not specify the grounds on which a motion for a new trial may be granted," courts are "bound by those grounds that have been historically recognized." *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1035 (9th Cir. 2003). Granting a new trial is "confided almost entirely to the exercise of discretion on the part of the trial court." *Allied Chem. Corp. & Daiflon, Inc.*, 449 U.S. 33, 36 (1980).

A motion for a new trial "may raise questions of law arising out of alleged substantial errors in admission or rejection of evidence" by the court. *Montgomery Ward & Co., v. Duncan*, 311 U.S. 243, 251 (1940). To reverse a jury verdict for evidentiary error, the court must have "abused its discretion in a manner that prejudiced the appealing party." *United States v. 4.85 Acres of Land*, 546 F.3d 613, 617 (9th Cir. 2008). The Ninth Circuit has held that a court abuses its discretion when

> it makes an error of law, when it rests its decision on clearly erroneous findings of fact, or when we are left with a definite and firm conviction that the district court committed a clear error of judgment.

*Id.* (internal quotations and citation omitted). A court's evidentiary ruling is prejudicial "only if the verdict was more probably than not tainted by error." *Theme Promotions, Inc.*

*v. News Am. Mktg. FSI*, 546 F.3d 991, 1005 (9th Cir. 2008).[1]

**II.   Analysis**

    **A.  Subsequent Remedial Measures**

Plaintiff is the owner of a Link Belt mobile crane.  At the time of the subject accident, Plaintiff's employee was operating the Link Belt mobile crane with Defendant's W3-283 boom dolly, which provided support for the crane during transport.  Marco Crane's boom dolly had a pivot.  (Doc. 245 at 108.)  At trial, Plaintiff elicited testimony about modifications made to other boom dollies made by Defendant after the subject accident.  Specifically, after an accident involving a Bigge Crane, Defendant designed a rigid attachment for Bigge that would limit the amount of pivot on the boom dolly's towers.  *Id.* at 108–09.  Defendant contends that admission of this evidence violated Federal Rule of Evidence 407.  That rule provides:

> When measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove:
> - negligence;
> - culpable conduct;
> - a defect in a product or its design; or
> - a need for a warning or instruction.
>
> But the court may admit this evidence for another purpose, such as impeachment or—if disputed—proving ownership, control, or the feasibility of precautionary measures.

Fed. R. Evid. 407.

The Court did not abuse its discretion in allowing this evidence.  At trial, Defendant took the position that the boom dolly involved in the subject accident was a unique and custom dolly.  Defendant's expert, Gustavo Anzola, for instance, testified that the design change for Bigge was "completely different to the fix that would be on the Link-Belt."

---

[1] The parties dispute whether Defendant properly preserved its right to raise these evidentiary issues in its motion for a new trial and, consequently, whether a plain error standard applies.  As the Court finds that Defendant fails to meet the standard referenced above, it is not necessary to determine whether a stricter standard applies.

(Doc. 245 at 154.) Given Defendant's position on the differences between boom dollies, a reasonable jury could find that fixes to other dollies would not have made the subject accident less likely to occur. That Mr. Anzola testified that the design change to the other dollies was intended to reduce the likelihood of rollovers does not alter this analysis. *Id.* at 154–55. Accordingly, as a reasonable jury could conclude that this evidence does not qualify as a subsequent remedial measure, admission of the evidence did not violate Rule 407. Furthermore, as is the case with the other accidents discussed below, this evidence was relevant for impeachment purposes because Defendant's witnesses testified that Marco Crane's boom dolly was not defective. *See, e.g.*, (Doc. 246 at 338.)

### B. Other Accidents

The Court also did not abuse its discretion in admitting evidence of other accidents involving Defendant's boom dollies, including subsequent accidents. When a plaintiff seeks to introduce evidence of other accidents as direct proof of negligence, a design defect, or notice of the defect, a showing of substantial similarity is required. *Cooper v. Firestone Tire & Rubber Co.*, 945 F.2d 1103, 1105 (9th Cir. 1991). However, "*Cooper* is clear that other [accidents] need to be substantially similar only when the plaintiff is using evidence relating to them as '*direct* proof of negligence, a design defect, or notice of the defect.'" *Benson Tower Condo. Owners Assoc. v. Victaulic Co.*, 702 Fed. App'x 537, 541 (9th Cir. 2017) (quoting *Cooper*, 945 F.2d at 1105). In *Benson*, for example, the Ninth Circuit upheld the introduction of evidence of black particles in other buildings to rebut the defendant's theory that the black particles in the case at issue were not from the defendant's products. *Id.*

Here, Defendant's theory of the case was that Plaintiff's driver, Chad Wall, was the cause of the subject accident, not a defect in Defendant's product. Therefore, evidence of other accidents involving Defendant's product was admissible under *Cooper* to rebut this theory. Contrary to Defendant's assertion, *Cooper* does not expressly limit its holding to prior accidents only. Additionally, that other circuit precedent may conflict with the

holding in *Cooper* does not establish that the Court abused its discretion in admitting the evidence. Accordingly, Defendant's motion is denied.

## CONCLUSION

For the reasons provided above, the Court did not abuse its discretion in admitting evidence of design changes to other boom dollies or evidence of other accidents.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendant's Motion for a New Trial (Doc. 233) is **DENIED.**

Dated this 3rd day of May, 2021.

_____
G. Murray Snow
Chief United States District Judge