WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marco Crane & Rigging Company,<br><br>Plaintiff,<br><br>v.<br><br>Greenfield Products LLC, et al.,<br><br>Defendants. | No. CV-17-01836-PHX-GMS<br><br>**AMENDED JUDGMENT** |

**BACKGROUND**

On appeal, the Ninth Circuit reversed this Court's determination that under the facts of this case, Plaintiff could have been comparatively negligent as defined by state statute without being contributorily negligent and that such comparative negligence could reduce the amount of the products liability award. The Ninth Circuit thus vacated the reduction in damages on the product liability claim resulting from the jury's allocation of comparative fault to the Plaintiff and, further, this Court's denial of Marco Crane's motion for prejudgment interest on that amount. It further instructed this Court to "award interest on the portion of the jury's strict-liability award that represents liquated damages and to determine (a) the date from which interest should begin to accrue on that portion of the award and (b) the applicable interest rate under Arizona Revised Statutes section 44-1201." (Doc. 260-1 at 6.)  It also directed this Court to determine the rate of interest that would accrue to the unliquidated part of the jury award upon the entry of the verdict (Doc. 207)

on October 23, 2020.

## I.     Comparative Fault: Damages Award on the Products Liability Claim.

The jury awarded Marco Crane $603,523.67 on its products liability claim. In accordance with the instruction of the Court of Appeals, this Court, therefore, revises its judgment on that claim to $603,523.67.

## II.    Prejudgment Interest

### A.     Products Liability Claim

In its decision, the Ninth Circuit noted that "the parties appear to agree that Marco Crane asserted only $323,935.06 in unliquidated damages on the strict-liability claim." (Doc. 260-1 at 6.) Therefore, "the remainder of the award would represent liquidated damages on which Marco Crane would be entitled to prejudgment interest." (Doc. 260-1 at 6.) Of course, if this constitutes an actual determination by the appellate panel, this Court is obliged to implement it; but the Court does not read it as such. The language in which the Circuit has couched the observation suggests that it is not a determination of the panel but only a statement as to the apparent facts. Further, the Circuit remanded to this Court to determine what that amount was.

Yet, on remand, Greenfield asserts that there never was any such agreement about the amount of Marco Crane's unliquidated damages. This Court, as well, on its admittedly incomplete review of the record, can find no such agreement. Though Marco Crane, in its Reply, had the opportunity to address Greenfield's denial of any agreement as to liquidated claims, it does not do so. Instead, Marco Crane claims a right to prejudgment interest on the entire amount of the corrected award, $734,983.38—coming from $603,523.67 on the products claim and $131,459.71 on its implied warranty claim.

This argument is based on speculation that the jury intended to award total damages of $1,058,813.46—all of Marco Crane's claimed damages—at trial instead of what it actually awarded: $734,983.38. Marco Crane speculates that the jury arrived at the $603,523.67 amount by awarding both Marco Crane's alleged products liability damages ($927,353.75) and warranty damages ($131,459.71) on the products liability claim and

then reducing this amount by the percentage of the comparative fault that it attributed to Marco Crane on the products liability claim (43%).[1]

There are several problems with this argument. First, this court is prohibited from speculating about a jury's thought process in arriving at a damages award in the absence of special interrogatories. *Porterfield v. Burlington N. Inc.*, 534 F.2d 142, 147 (9th Cir. 1976) (holding that "[w]e cannot, by way of speculation, pierce the general verdict to draw the conclusions contended for by [the appellant]."); *see also Asdale v. Int't Game Tech.*, 549 Fed. App'x. 611, 614 (9th Cir. 2013) (holding that "because the jury used a general verdict form we cannot speculate about the jury's thought process.").

Second, even were the Court to engage in speculation, it would be obliged to follow the presumption that the jury followed the court's instructions. *CSX Transp. Inc., v. Hensley*, 556 U.S. 838, 841 (2009) (holding that "in all cases, juries are presumed to follow the court's instructions."); *United States v. Reyes*, 660 F.3d 454, 468 (9th Cir. 2011) (holding that "jurors are presumed to follow the court's instructions."). And, for the jury to have done what Marco Crane speculates, it would have had to ignore two separate instructions of the Court—one of which was delivered twice.

The Court twice instructed the jury that it should determine the actual damages involved on the products liability claim, and if it found that Marco Crane was comparatively negligent, it should not deduct its percentage of fault from those damages. *See, e.g.*, (Tr. at 629 ("The Court will later reduce the damages awarded to the plaintiff by the percentage of any fault you have assigned to the plaintiff.")); (Tr. at 634 ("[I]f you determine that plaintiff is partially at fault, then you need to put down the percentage of fault attributable to the plaintiff and the percentage of the fault attributable to the defendant.

---

[1] *See* Doc. 264 at 3 n.2 ("As discussed above, Marco Crane presented $603,418.69 in liquidated damages due to the loss of the dolly, cleanup costs, and repair costs on its strict liability claim, along with $323,935.06 in lost profits. The total for the strict liability claim was $927,353.75. The jury also awarded all of Marco Crane's damages on its warranty claim, $131,459.71. When one adds $927,353.75 to $131,459.71, the total damage figure is $1,058,813.46."); *Id.* at 4 ("If one multiplies $1,058,813.46 by .57, the resultant figure is exactly the strict liability award: $603,523.67.").

And that has to total 100 percent. Do not reduce the amount of the damages by the percent attributable. If you find that any fault is attributable to the plaintiff, do not reduce the amount of damages by that percentage. The Court will do it at a later time. Any Questions about that?").) Plaintiff's speculation impermissibly posits that the jury ignored the Court's instructions not to deduct any amount from the damages on the products liability claim to account for any fault by Marco Crane.

Further, the Court instructed the jury that Greenfield was not making a claim that Marco Crane was comparatively negligent on Marco Crane's warranty claim. (Tr. at 635 ("The defendant is not asserting that the plaintiff is comparatively at fault on the breach of implied warranty claim. The plaintiff—the defendant is only asserting that as to the products liability claim. Do you understand that?").) Under Marco Crane's speculation, the jury reduced all of Marco Crane's claimed damages by its comparative fault (43%), including its claimed damages on its implied warranty claim. But if it did that, it also, inexplicably, again awarded Marco Crane the full amount of its claimed damages ($131,459.71) on the implied warranty claim as well as awarding it the amount of its claimed damages on the implied warranty claim on the products liability claim reduced by the amount of Marco's comparative fault. Marco Crane thus speculates that the jury intended to award twice the amount of damages Marco Crane claimed on its implied warranty claim—once for the whole amount of the damages, and once for the amount of the damages minus the percentage of fault attributed by the jury to Marco Crane on its products liability claim. Such double-counting in the award would require vacating, if not otherwise adjusting downward the jury award. This only serves to underline the need for the rule prohibiting speculation about the basis of a jury's damages award.

Nor does Marco Crane offer any other evidence that it claimed the amount of $603,523.67 or any separate amounts that would aggregate to that amount from Greenfield before trial. Under Arizona law, prejudgment interest begins when the creditor provides the debtor with "sufficient information and supporting data so as to enable the debtor to ascertain the amount owed." *Homes & Son Constr. Co. Inc. v. Bolo Corp.*, 526 P.2d 1258,

1261 (Ariz. Ct. App. 1974). Further, "prejudgment interest generally accrues from the date of demand, not from the date of loss." *Alta Vista Plaza, Ltd. v. Insulation Specialists Co.,* 919 P .2d 176, 178 (Ariz. Ct. App. 1995). But Marco Crane never establishes that it made a demand on Greenfield prior to trial for identifiable amounts that aggregate to the damages the jury awarded on the products liability claim—there is no mention of $603,523.67 worth of demands in its briefing on remand or elsewhere. Thus, it would not have been possible for Greenfield to "calculate exactly the amount of damages without relying on the opinion or discretion of a . . . jury." *Scottsdale Ins. Co. v. Cendejas,* 220 Ariz. 281, 288, 205 P.3d 1128, 1135 (Ct. App. 2009). Thus, the principal award on which Marco Crane seeks prejudgment interest was not liquidated, and, therefore, under Arizona law, no prejudgment interest can be awarded on the products liability claim before the date of the jury's verdict on October 23, 2020.

### B. Implied Warranty Claim

The Court previously awarded some prejudgment interest on the implied warranty claim. It awarded prejudgment interest against the $23,481.36 principal amount expended for testing and modifying the dolly, but it did not award prejudgment interest against the $107,978.35 balance for lost profits because that amount was based on conservative estimation and averaging, not a precise calculation. (Doc. 226 at 5.) Under the Ninth Circuit's decision, neither of these interest awards is subject to change. When it awarded prejudgment interest on the award of $23,481.36, this Court also determined the appropriate rate of interest under the statute due to the nature of the obligation involved. That rate was ten percent. (Doc. 226 at 6.) Thus, interest on $23,481.36 of the total judgment continues to accrue at ten percent per annum. Such a rate amounts to about $6.43 per day. Pursuant to the Court's previous order, this interest will run from March 14, 2019, until the date the jury rendered its verdict, October 23, 2020.[2]

---

[2] "The general rule is that when an appellate court reverses a judgment of the district court and directs that a money judgment in favor of a claimant be entered upon remand, prejudgment interest runs through the date of the newly-entered judgment." *Am. Tel. & Tel. Co. v. Uni. Comp. Sys., Inc.*, 98 F.3d 1206, 1209 (9th Cir. 1996). There is, "however, [] an exception to this rule . . . when a legally sufficient determination of damages had been

- 5 -

### C. Total Unliquidated Award

Finally, the Ninth Circuit's memorandum decision also states that "Marco Crane is entitled to prejudgment interest on the unliquidated portion of the jury's award from the date of the verdict because any "obligation [usually] becomes liquidated on the rendition of a verdict in a sum certain." The Court interprets this portion of the Ninth Circuit's order as awarding Marco Crane prejudgment interest on the unliquidated portion of the jury's award at the time it became liquidated, October 23, 2020, through the date of this Amended Judgment.

The applicable interest rate is determined by the nature of the defendant's obligation to pay the liquidated damages at issue. A.R.S. § 44-1201(A), (B). In Arizona, prejudgment interest is awarded at 10% under subsection (A), on a loan, "money lent at interest," indebtedness "something (as an amount of money) that is owed," or other obligation, "things of the same nature or class as 'loan' and 'indebtedness.'" *Metzler v. BCI Coca-Cola Bottling Co. of L.A., Inc.*, 235 Ariz. 141, 145–46 (2014). Alternatively, the prejudgment interest in subsection (B) is used when the amount "depends on a judgment for its existence." *Id.* at 146. To determine the applicable interest rate, "courts must look to the fundamental nature of the underlying obligation to determine which subsection applies." *Id.* at 390.

In previously making this determination as it pertained to the liquidated amount spent on modifications and testing done on the dolly prior to use, the Court determined that ten percent was the appropriate rate of interest. It did so because the amount was necessary to make a product usable that was purchased at a bargained-for price with the assumption that the product would be usable. Thus, in its December Order, this Court applied subsection (A)'s interest rate to Marco Crane's liquidated damages on part of its breach of implied warranty claim because that "cost [was] akin to a debt because Defendant was

---

made at the time of some prior judgment, which the judgment upon remand essentially reinstates." *Id.* This exception is applicable here: the Court made a legally sufficient determination with respect to the liquidated damages on the implied warranty claim that was unchanged by the Ninth Circuit's order. Additionally, in its Brief, Marco Crane expressed its present understanding that this prejudgment interest ran "from March 14, 2019, through the date of the verdict, October 23, 2020." (Doc. 264 at 4.)

- 6 -

obligated to pay this cost pursuant to the contract." (Doc. 266 at 6.)

However, Greenfield is obligated to pay the costs of Marco Crane's damages on its strict liability claim and the balance of the implied warranty claim pursuant to the jury's verdict. Consider, for example, that Marco Crane's damages on its strict liability claim arise from the loss of the dolly, cleanup costs, and crane repair costs, and lost profit calculations on both the implied warranty and product liability claims. Unlike costs that accrue when a party defaults on a debt or a loan obligation, Greenfield did not become obligated to pay these costs because of any pre-existing legal arrangement with Marco Crane that is analogous to a loan or "general indebtedness." In fact, Greenfield would have no independent legal obligation to pay Marco Crane's liquidated damages but-for the Court's judgment enforcing the jury's verdict. Thus, any prejudgment interest on this award is "interest on any judgment," which, under subsection (B), is set at a rate that is "the lesser of ten percent per annum or at a rate per annum that is equal to one per cent plus the prime rate as published by the board of governors of the federal reserve system in statistical release H.15 or any publication that may supersede it on the date that the judgment is entered." A.R.S. § 44-1201(B). On October 23, 2020, the prime rate was 3.25%,[3] making the applicable interest rate on amended judgment indebtedness 4.25% per annum.

Accordingly, the cost associated with the balance of the damages on Marco Crane's claims ($711,502.02) is not akin to a debt, and the interest rate identified in A.R.S. § 44-1201(B) applies 1% plus the prime rate of 3.25%, i.e., 4.25%, from the date of the judgment, October 23, 2020, until the date of this Amended Judgment. This amount equals approximately $82.85 per day. Under state law, this interest does not compound. *Metzler*, 235 Ariz. 141, 146 (2014) ("[T]he statute does not contemplate or provide for compound interest." (citing *Westberry v. Reynolds*, 134 Ariz. 29, 34 (App. 1982) (holding that prior version of § 44–1201(A) mandates simple interest, not compound interest, for any legal indebtedness)).

---

[3] Selected Interest Rates, Fed. Rsrv., https://www.federalreserve.gov/releases/h15/.

**CONCLUSION**

For the reasons above, as of October 23, 2020, Marco Crane was entitled to a total Amended Judgment of $734,983.38. Marco Crane is further awarded prejudgment interest on $23,481.36 of that amount at a rate of ten percent (10%) per annum beginning on March 4, 2019 (this amounts to $6.43 per day running from March 4, 2019, to October 23, 2020). Marco Crane is also awarded prejudgment interest on the unliquidated balance of its award, i.e., $711,502.02, at a rate of 4.25% per annum beginning on October 23, 2020 (this amounts to $82.85 per day running from October 23, 2020, to the date of this Amended Judgment).

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff is awarded $603,523.67 on its product liability claim, which, when combined with the $131,459.71 on its implied warranty claim, results in a total Amended Judgment of $734,983.38.

**IT IS FURTHER ORDERED GRANTING** Plaintiff prejudgment interest on $23,481.36 of its implied warranty award, at the rate of 10% per annum from March 4, 2019, to October 23, 2020 ($6.43 a day).

**IT IS FURTHER ORDERED GRANTING** Plaintiff prejudgment interest on the remaining $711,502.02 of judgment at the rate of 4.25% per annum from October 23, 2020, to the date of Amended Judgment ($82.85 a day).

Dated this 11th day of January, 2023.

_G. Murray Snow_
Chief United States District Judge